IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NEWT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| NESTLÉ USA, INC. and GRAPHIC | ) | |
| PACKAGING INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff NEWT, LLC ("NEWT" or "Plaintiff"), by and through its attorneys, for its Complaint against Defendants Nestlé USA, Inc. ("NESTLÉ") and Graphic Packaging International, Inc. ("GPI") (collectively referred to as "Defendants"), alleges and states as follows:

## NATURE OF ACTION

1.      This is a *qui tam* action under the false marking provisions of 35 U.S.C. § 292.

2.      § 292(a) states that "[w]hoever marks upon . . . or affixes to . . . any unpatented article the word 'patent' or any word or number importing the same is patented, for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense."

3.      § 292(b) states that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

4.    On information and belief, the punitive nature of the fine under 35 U.S.C. § 292 is rooted in Congress' intent to provide a deterrent to those who would improperly invoke the right to mark subject matter under 35 U.S.C. § 287.  The marking statute provides patentees a recognized and deliberately chilling effect on the public for properly marked patented subject matter and a distinct competitive advantage by public notice of the threat of exercising the right to exclude.  The danger in providing false public notice of the right to exclude, and the resultant negative commercial impact on the public, is the rationale behind providing up to $500 for every offense in contravention of 35 U.S.C. § 292.

## THE PARTIES

5.    Plaintiff NEWT is a limited liability corporation organized and existing under the laws of Illinois, having its principal place of business at 5105 Tollview Dr., Suite 166, Rolling Meadows, IL 60008.

6.    Defendant NESTLÉ is incorporated under the laws of Delaware, having its principal place of business at 800 North Brand Blvd., Glendale, CA 91203.

7.    Defendant GPI is incorporated under the laws of Delaware, having its principal place of business at 814 Livingston Court, Marietta, GA 30067.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

9.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

10.     This Court has personal jurisdiction over Defendants because they have transacted business in this State by jointly contributing to the selling of products to residents of this State, which are falsely marked with U.S. Patent Nos. 4,775,771, 4,780,587, 4,948,932, and 7,414,230.   Personal jurisdiction is vested in this Court pursuant to 735 ILCS 5/2-209.

## GPI's PATENTS

11.     U.S. Patent No. 4,775,771 ("the '771 patent"), which is entitled "Sleeve for Crisping and Browning of Foods in a Microwave Oven and Package and Method Utilizing Same," issued on October 4, 1988.  The '771 patent expired on July 30, 2007.

12.     On information and belief, GPI is the licensee or assignee of the '771 patent by way of a transfer of rights from the James River Corporation on or about October 4, 1999.

13.     U.S. Patent No.  4,780,587 ("the '587 patent"), which is entitled "Overlap Seam for Microwave Interactive Package Insert," issued on October 25, 1988.  The '587 patent expired on July 30, 2007.

14.     On information and belief, GPI is the licensee or assignee of the '587 patent by way of a transfer of rights from the James River Corporation on or about October 4, 1999.

15.     U.S. Patent No. 4,948,932 ("the '932 patent"), which is entitled "Apertured Microwave Reactive Package," issued on August 14, 1990.  The '932 patent expired on May 5, 2009.

16.     On information and belief, GPI is the licensee or assignee of the '932 patent by way of a transfer of rights from the James River Corporation on or about October 4, 1999.

17.     U.S. Patent No. 7,414,230 ("the '230 patent"), which is entitled "Package With Removable Portion," issued on August 19, 2008.

18.     On information and belief, GPI is the assignee of the '230 patent.


## DEFENDANTS FRAUDULENT ACTIVITIES

19.     On information and belief, GPI manufactures sleeves for heating and/or crisping food items in a microwave oven ("SLEEVES") on behalf of NESTLÉ.

20.     On information and belief, NESTLÉ sells frozen stuffed sandwiches that are adapted to be heated and/or crisped within the SLEEVES by a microwave under the brand names Hot Pockets® ("HOT POCKET") and Lean Pockets® ("LEAN POCKET").

21.     On information and belief, each HOT POCKET and each LEAN POCKET is sold in combination with a SLEEVE.

22.     On information and belief, each SLEEVE sold in combination with a HOT POCKET and a LEAN POCKET is marked with the patent number of at least one of the '771 patent,  the '587 patent, the '932 patent, and the '230 patent ("MARKED SLEEVES").

23.     On information and belief, NESTLÉ and GPI derive significant commercial value from the falsely perceived exclusionary rights afforded to NESTLÉ and GPI by way of the MARKED SLEEVES.

a.  On information and belief, NESTLÉ and GPI derive additional income through mark-ups in the price of HOT POCKETS and LEAN POCKETS sold to distributors, retailers, and end consumers by way of their falsely perceived exclusionary rights in the MARKED SLEEVES sold in combination with HOT POCKETS and LEAN POCKETS.

b.  On information and belief, NESTLÉ and GPI derive significant market power within the market of selling sleeves for heating and/or crisping food items in a microwave and/or the market of selling frozen stuffed sandwiches that are adapted to be heated and/or crisped in microwaves by such sleeves by way of their falsely perceived exclusionary rights to the MARKED SLEEVES sold in combination with HOT POCKETS and LEAN POCKETS.

c.  On information and belief, NESTLÉ and GPI are misleading the public into believing that other sleeves for heating and/or crisping food items in a microwave sold by third parties and/or other frozen stuffed sandwiches that are adapted to be heated and/or crisped in microwaves by such sleeves sold by third parties are inferior in some way to the MARKED SLEEVES sold in combination with HOT POCKETS and LEAN POCKETS by way of their falsely perceived exclusionary rights to same.

24.    On information and belief, the sale of HOT POCKETS in combination with the MARKED SLEEVES has resulted in HOT POCKETS becoming "the No. 1

frozen stuffed sandwich brand in the USA." (http://www.nestle.com/Brands/Brand Info.htm?brandGuid=CB127036-943D-4691-8E33-2472551F52FB&BrandName=Hot% 20Pockets).

25.     On information and belief, NESTLÉ and GPI have established continuing procedures for marking SLEEVES with U.S. patent numbers, which is evidenced by the recent marking of numerous SLEEVES with the '230 patent that issued on August 19, 2008.

26.     On information and belief, the marking of numerous SLEEVES with the '230 patent number is an acknowledgement of the responsibilities one must undertake when utilizing the rights granted under 35 U.S.C. § 287, i.e., one who marks subject matter has the duty to police the markings both as to whether the mark actually covers the subject matter and to assure that the marking is removed immediately upon the expiration of the patent.

27.     On information and belief, numerous SLEEVES sold in combination with HOT POCKETS and LEAN POCKETS are being deliberately marked with the '230 patent number and sold to the public even though the SLEEVES are not covered by the '230 patent .

> a.  On July 13, 2009, a package entitled "Pepperoni Pizza Cheese Stuffed Crust Pizzeria" with a SKU # of 43695520095, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126. The package contained one HOT POCKET and one SLEEVE marked with the '230 patent.  On information and belief, the SLEEVE does not

include an oblique tear line substantially abutting a transverse tear line, as required by all of the claims of the '230 patent.

b.  On July 13, 2009, a package entitled "Supreme Pizza Deep Dish Pizzeria" with a SKU # of 43695120097, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained one HOT POCKET and one SLEEVE marked with the '230 patent.  On information and belief, the SLEEVE does not include an oblique tear line substantially abutting a transverse tear line, as required by all of the claims of the '230 patent.

c.  On July 13, 2009, a package entitled "Three Cheese Pizza Cheese Stuffed Crust Pizzeria" with a SKU # of 43695320091, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained one HOT POCKET and one SLEEVE marked with the '230 patent.  On information and belief, the SLEEVE does not include an oblique tear line substantially abutting a transverse tear line, as required by all of the claims of the '230 patent.

d.  On July 13, 2009, a package entitled "Grilled Chicken Mediterranean Seasoned Crust Pizzeria" with a SKU # of 43695051025, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained one LEAN POCKET and one SLEEVE marked with the '230 patent.  On information and belief, the SLEEVE does not include an oblique tear line substantially abutting a transverse tear line, as required by all of the claims of the '230 patent.

    e.  On information and belief, NESTLÉ and GPI are selling other SLEEVES improperly marked with the '230 patent in combination with HOT POCKETS and LEAN POCKETS under the SKU #'s 43695520095, 43695120097, 43695320091, and 43695051025.

    f.  On information and belief, NESTLÉ and GPI are selling other SLEEVES improperly marked with the '230 patent in combination with HOT POCKETS and LEAN POCKETS under other SKU #'s to be determined during discovery.

28.    On information and belief, NESTLÉ and GPI are fraudulently marking the SLEEVES referred to in paragraph 27 with the '230 patent number with the intent and purpose of deceiving the public and competitors or potential competitors into believing they have exclusionary patent rights in the SLEEVES for their commercial benefit.

29.    On information and belief, numerous SLEEVES sold in combination with HOT POCKETS and LEAN POCKETS are being deliberately marked with the '771 patent number, the '587 patent number, and the '932 patent number, and sold to the public with the knowledge that the patents have expired ("EXPIRED PATENTS").

    a.  On July 13, 2009, a package entitled "Bruschetta Chicken Panini" with a SKU # of 43695072020, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained one HOT POCKET and one SLEEVE marked with the EXPIRED PATENTS.

    b.  On July 7, 2009, a package entitled "Four Meat & Four Cheese Calzone" with a SKU # of 43695065022, was purchased in a

Walgreens located at 250 South Wacker Dr., Chicago, Illinois 60606. The package contained one HOT POCKET and one SLEEVE marked with the EXPIRED PATENTS.

c.  On July 13, 2009, a package entitled "Ham & Cheese Croissant Crust" with a SKU # of 43695056327, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained two HOT POCKETS and two SLEEVES marked with the EXPIRED PATENTS.

d.  On July 13, 2009, a package entitled "Ham and Cheese Ultimate" with a SKU # of 43695072518, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained one HOT POCKET and one SLEEVE marked with the EXPIRED PATENTS.

e.  On July 13, 2009, a package entitled "Deli-Style Ham & Swiss Panini" with a SKU # of 43695072013, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained one HOT POCKET and one SLEEVE marked with the EXPIRED PATENTS.

f.  On July 13, 2009, a package entitled "Meatballs & Mozzarella Family Value 12 Pack" with a SKU # of 43695075137, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126. The package contained twelve HOT POCKETS and twelve SLEEVES marked with the EXPIRED PATENTS.

g.  On July 13, 2009, a package entitled "Pepperoni Pizza Croissant Crust" with a SKU # of 43695056310, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained two HOT POCKETS and two SLEEVES marked with the EXPIRED PATENTS.

h.  On July 13, 2009, a package entitled "Pepperoni Pizza Ultimate" with a SKU # of 43695072501, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained one HOT POCKET and one SLEEVE marked with the EXPIRED PATENTS.

i.  On July 13, 2009, a package entitled "Cheeseburger" with a SKU # of 43695083095, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained two LEAN POCKETS and two SLEEVES marked with the EXPIRED PATENTS.

j.  On July 13, 2009, a package entitled "Mexican Style - Chicken Fajita" with a SKU # of 43695083064, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained two LEAN POCKETS and two SLEEVES marked with the EXPIRED PATENTS.

k.  On July 13, 2009, a package entitled "Made with Whole Grain - Grilled Chicken, Mushroom & Spinach" with a SKU # of 43695085013, was purchased in a Jewel-Osco® located at 153 East

Schiller St., Elmhurst, Illinois 60126.   The package contained two LEAN POCKETS and two SLEEVES marked with the EXPIRED PATENTS.

l.   On July 13, 2009, a package entitled "Ham and Cheddar" with a SKU # of 43695083002, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.   The package contained two LEAN POCKETS and two SLEEVES marked with the EXPIRED PATENTS.

m.   On July 7, 2009, a package entitled "Pepperoni Pizza" with a SKU # of 43695083057, was purchased in a Walgreens located at 250 South Wacker Dr., Chicago, Illinois 60606.   The package contained two LEAN POCKETS and two SLEEVES marked with the EXPIRED PATENTS.

n.   On July 13, 2009, a package entitled "Pepperoni Pizza 12 Pack" with a SKU # of 43695075359, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.   The package contained twelve LEAN POCKETS and twelve SLEEVES marked with the EXPIRED PATENTS.

o.   On July 13, 2009, a package entitled "Stuffed Quesadilla - Chicken & Three Cheese" with a SKU # of 43695083323, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126. The package contained one LEAN POCKET and one SLEEVE marked with the EXPIRED PATENTS.

p.  On July 13, 2009, a package entitled "Stuffed Quesadilla - Grilled Chicken Fajita" with a SKU # of 43695051001, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126. The package contained one LEAN POCKET and one SLEEVE marked with the EXPIRED PATENTS.

q.  On July 13, 2009, a package entitled "Made with Whole Grain – Turkey, Broccoli & Cheese Whole Grain" with a SKU # of 43695083071, was purchased in a Jewel-Osco® located at 153 East Schiller St., Elmhurst, Illinois 60126.  The package contained two LEAN POCKETS and two SLEEVES marked with the EXPIRED PATENTS.

r.  On information and belief, NESTLÉ and GPI are selling other SLEEVES marked with the EXPIRED PATENTS in combination with HOT POCKETS and LEAN POCKETS under the SKU #'s 43695072020, 43695065022, 43695056327, 43695072518, 43695072013, 43695075137, 43695056310, 43695072501, 43695083095, 43695083064, 43695085013, 43695083057, 43695075359, 43695083323, 43695051001, 43695083002, and 43695083071.

s.  On information and belief, NESTLÉ and GPI are selling other SLEEVES improperly marked with the EXPIRED PATENTS in combination with HOT POCKETS and LEAN POCKETS under other SKU #'s to be determined during discovery.

30.     On information and belief, NESTLÉ and GPI are fraudulently marking the SLEEVES referred to in paragraph 29 with the EXPIRED PATENTS with the intent and purpose of deceiving the public and competitors or potential competitors into believing they retain exclusionary patent rights in the SLEEVES for their commercial benefit.

## COUNT ONE

## FALSE MARKING – 35 U.S.C. § 292(a) & (b)

31.     Plaintiff repeats and realleges the averments of paragraphs 1-30 as if fully set forth herein.

32.     Defendants are marking SLEEVES sold in combination with HOT POCKETS and LEAN POCKETS with the '230 patent number, inducing the belief that the SLEEVES are patented under the '230 patent with the intent and purpose of deceiving the public and competitors or potential competitors.

33.     Defendants are marking SLEEVES sold in combination with HOT POCKETS and LEAN POCKETS with the expired '771 patent number, the expired '587 patent number, and the expired '932 patent number, inducing the belief that the SLEEVES are patented under the '771 patent, the '587 patent, and the '932 patent, respectively, with the intent and purpose of deceiving the public and competitors or potential competitors.

34.     On information and belief, the aforesaid instances of false patent marking are shown to be for the intent and purpose of deceiving the public and competitors or potential competitors in light of Defendants acknowledgement of their duties under the 35 U.S.C. § 287 marking statute.

35.     Defendants deceptive activities constitute offenses under 35 U.S.C. § 292(a) and, as such, Defendants are liable for up to $500 for every such offense.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NEWT respectfully requests that this Court enter judgment against Defendants NESTLÉ and GPI, including:

A.      An accounting of all HOT POCKETS and LEAN POCKETS marked with one or more of the '230 patent number, the '771 patent number subsequent to July 30, 2007, the '587 patent number subsequent to July 30, 2007, and the '932 patent number subsequent to May 5, 2009.

B.      An accounting of all other SLEEVES sold individually or in combination with other products, which have been or are being marked with one or more of the '230 patent number, the '771 patent number subsequent to July 30, 2007, the '587 patent number subsequent to July 30, 2007, and the '932 patent number subsequent to May 5, 2009.

C.      Finding that Defendants have falsely marked various SLEEVES in violation of 35 U.S.C. § 292 by:

      a.  Marking SLEEVES with the '230 patent number, which are not covered by the claims of the '230 patent;

      b.  Marking SLEEVES with the expired '771 patent number after July 30, 2007;

      c.  Marking SLEEVES with the expired '587 patent number after July 30, 2007; and

    d.  Marking SLEEVES with the expired '932 patent number after May 5, 2009.

D.    Awarding Plaintiff up to $500 for every offense in violation of 35 U.S.C. § 292, wherein a compensable offense occurs in each instance that:

    a.  A SLEEVE has been marked with the '230 patent number, which is not covered by the claims of the '230 patent;

    b.  A SLEEVE has been marked with the '771 patent number after July 30, 2007;

    c.  A SLEEVE has been marked with the '587 patent number after July 30, 2007; and

    d.  A SLEEVE has been marked with the '932 patent number after May 5, 2009.

E.    Ordering that the Defendants immediately cease their false marking of the SLEEVES with the '230 patent number, the '771 patent number, the '587 patent number, and the '932 patent number.

F.    Ordering that the Defendants immediately remove all SLEEVES falsely marked with the '230 patent number, the '771 patent number, the '587 patent number, and the '932 patent number from retail establishments.

G.    Ordering that half the damages awarded go to the Plaintiff and the other half of the awarded damages go to the use of the United States pursuant to 35 U.S.C. § 292(b).

H.    Awarding Plaintiff such further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), NEWT respectfully demands a trial by jury of all issues triable by a jury in its Complaint.

NEWT LLC

Dated: August 5, 2009                    By: /s/ Nicholas P. Schmidbauer

**Nicholas P. Schmidbauer (IL 6279699)**
nschmidbauer@mccrackenfrank.com
**MCCRACKEN & FRANK LLP**
311 South Wacker, Suite 2500
Chicago, IL 60606
Phone: 312.263.4700
Fax: 312.263.3990

**William E. McCracken (IL 3127453)**
wmccracken@mccrackenfrank.com
**Edward M. O'Toole (IL 02125552)**
eotoole@mccrackenfrank.com

Attorneys for Plaintiff NEWT