**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NEWT LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>NESTLÉ USA, INC.,<br>SAFEWAY, INC.<br>H.J. HEINZ COMPANY,<br>THE SCHWAN FOOD COMPANY, and<br>GRAPHIC PACKAGING INTERNATIONAL, INC.,<br><br>                Defendants. | Case No. 1:09-cv-4792<br><br>Hon. Charles R. Norgle, Sr.<br>Presiding Judge |

### DEFENDANTS' MOTION AND MEMORANDUM TO STAY

Should this Court decide not to immediately dismiss this case for lack of standing and subject matter jurisdiction, Defendants hereby move to stay all proceedings until the Federal Circuit issues ruling *Stauffer v. Brooks Bros.*, Appeal Nos. 2009-1428, 2009-1430, 2009-1453. The *Stauffer* appeal presents the exact issue raised in Defendants' motions to dismiss for lack of subject matter jurisdiction.  The Federal Circuit's decision in the *Stauffer* appeal will determine the pleading requirements for a *qui tam* false marking plaintiff to show an "actual and imminent" injury that can establish subject matter jurisdiction in Article III courts.  If the Federal Circuit upholds *Stauffer*, Plaintiff Newt LLC ("Newt") will lack standing to maintain this action.

### I.     STATEMENT OF FACTS AND STAGE OF THE PROCEEDINGS

In its First Amended Complaint ("Complaint"), Newt alleges that Defendants violated 35 U.S.C. § 292(a) by "fraudulently marking" products – namely sleeves and trays for heating and/or crisping food items in a microwave oven – with inaccurate patent information intended to

deceive the public. (Dkt. No. 9 ¶¶ 33, 35, 42, 49, 56)  Defendant Graphic Packaging International, Inc. ("GPI") sells its sleeves and/or trays to a variety of customers (including to the other Defendants in this case), which are used by these customers to package food products to be sold to consumers.  (Dkt. No. 9 ¶¶ 24, 43).  As discussed in detail in Defendants' First Motion to Dismiss (Dkt. No. 22), the Complaint must be dismissed because Newt pleads only conclusory and unsupported allegations, including the bald assertion that GPI and its customers acted "with the intent and purpose of deceiving the public."  (Dkt. No. 22 pp. 6-7).  The intent requirement for § 292 claims is currently before the Federal Circuit in *Pequignot v. Solo Cup Co.*, Appeal No. 2009-1547.  If the Court finds that Newt failed to sufficiently plead the elements of a cause of action under § 292, including the intent requirement at issue in *Pequignot*, Newt's Complaint must be dismissed.

Defendants' Second Motion to Dismiss addresses Newt's failure to allege non-conclusory, particularized allegations of injury in fact to itself, the government or the economy of the United States.  Newt's Complaint should be dismissed because such allegations of harm are necessary to support Newt's standing as a *qui tam* plaintiff.  (Dkt. No. 34 pp. 2-3, 8, 10-11).  A similarly-deficient § 292 false patent marking complaint was dismissed for lack of Article III standing by the U.S. District Court for the Southern District of New York in *Stauffer v. Brooks Brothers*, *Inc.*, 615 F. Supp. 2d 248 (2009).  That ruling is currently on appeal in Federal Circuit Appeal No. 2009-1428.  The *qui tam* plaintiff in *Stauffer* alleged that the false marking (1) harmed the U.S. economy by advertising monopolies that defendants did not possess; (2) had the potential to discourage potential competitors from commercializing a competing product; and (3) quelled competition resulting in harm to the U.S. economy.  *Id*. at 249, 251.  The court held that those allegations of public harm, which are more specific than those set forth in Newt's

Complaint, were insufficiently "concrete and particularized" or "actual or imminent" to confer standing on the plaintiff as a *qui tam* relator. *Id.* at 255. If the Court finds that Newt's allegations of harm are insufficient to confer standing, Newt's Complaint must be dismissed for lack of subject matter jurisdiction. *Id.*

**II.     ARGUMENT**

    **A.     If the Court is Not Presently Inclined To Grant Defendant's Motion to Dismiss for Lack of Standing, the Court Should Stay All Proceedings in the Instant Case Pending the Ruling by the Federal Circuit in the *Stauffer* Case.**

Defendants believe Newt's Complaint should be dismissed immediately for lack of standing and subject matter jurisdiction. To the extent the Court is not inclined to immediately dismiss the case, Defendants believe this case should be stayed. A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). This Court must weigh the equities, taking into account "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Abbott Laboratories v. Matrix Laboratories, Inc.*, No. 09-cv-1586, 2009 WL 3719214, at *3 (N.D. Ill., Nov. 05, 2009) (*citing Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004)).[1]

Facing similar circumstances, and in light of the pending *Stauffer* appeal, this Court and two other U.S. district courts have recently stayed § 292 actions. In *Heathcote Holdings Corp., Inc. v. Crayola LLC et al.*, Judge Hart of this Court granted defendants' motion to stay the

---

[1] *See also*, *Hynix Semiconductor, Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2009 U.S. Dist. LEXIS 10939, at *15 (N.D. Cal. Feb. 3, 2009) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962).

proceeding pending the Federal Circuit's decision in *Stauffer*. No. 10-cv-00342, Slip Op. (N.D. Ill. April 8, 2010) (Exhibit A hereto). Likewise, in *Public Patent Found., Inc. v. Glaxosmithkline Consumer Healthcare, L.P.*, No. 09 Civ. 5881, Slip Op. (S.D.N.Y. Feb. 17, 2010), the U.S District Court for the Southern District of New York decided, *sua sponte*, to stay a false marking case with pending motions to dismiss for lack of Article III standing "[i]n light of the appeal currently pending in the Court of Appeals for the Federal Circuit of an order issued in *Stauffer v. Brooks Bros. Inc.* . . . which raises the same legal question that is currently pending here." (Exhibit B hereto). Similarly, in *San Francisco Technology, Inc. v. Adobe Systems Inc., et al.*, No. C-09-6083-RS, 2010 WL 1463571 (N.D. Cal. April 13, 2010), the U.S. District Court for the Northern District of California granted defendants' motion to stay the action "pending the Federal Circuit's resolution of the threshold issue of standing in circumstances like these." *Id*. at *1.[2] In fact, the U.S. Department of Justice noted in *San Francisco Technology* that a stay pending the Federal Circuit's ruling in *Stauffer* is appropriate. (Exhibit C).

        1.    <u>Newt Will Not Be Unduly Prejudiced by a Stay.</u>

If this Court were to proceed with this litigation before resolution of the *Stauffer* appeal, everyone involved, including Newt, may needlessly consume time and resources should the *Stauffer* dismissal be affirmed. If the Federal Circuit reverses in *Stauffer*, the case will simply resume and Newt will be in the same position it is in now. A short stay pending the *Stauffer* decision does not present undue delay because the appellate briefing is now complete.[3] It is

---

[2] The court also severed the action into fourteen separate cases against the fourteen unrelated defendants and granted three separate motions by three different defendants for transfer to a different district court.

[3] *See Georgia-Pacific Consumer Prods. LP v. Four-Packaging*, Inc., No. 09-1071, 2010 WL 55973, at *4 (N.D. Ohio Jan. 5, 2010) (granting stay where fact that briefing had already begun in appellate court in appeal for which proceedings would be stayed indicated that stay

4


reasonable to expect that a decision would be forthcoming in 2010.

Finally, as a *qui tam* relator Newt does not claim a personally injury. Thus, it will not suffer any economic or other injury from a delay in the proceedings.

### 2. A Stay Will Simplify the Issues in This Case.

The *Stauffer* case will determine, at the appellate level, the standing requirements for a *qui tam* false patent marking plaintiff, which is directly at issue here. (Dkt. No. 34 pp. 2-3, 8, 10-11) Even if the *Stauffer* dismissal is not affirmed, the Federal Circuit is expected to clarify the standard for pleading injury under § 292 sufficient to confer standing.

An affirmance by the Federal Circuit of *Stauffer* would require dismissal of Newt's similarly deficient pleading for lack of subject matter jurisdiction. Any preceding activity on the merits in this case would be nullified. *See MEI, Inc. v JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at *5 (D.N.J. Oct. 15, 2009) ("Were the Federal Circuit to [reverse the district court decision], any summary judgment proceedings on the basis of the former [district court decision] would be a nullity. For the Court to now expend the effort to wade through the parties' voluminous submissions and to reach a decision that may ultimately be set aside is a waste of precious resources—both for the Court and for the litigants. For this reason, the Court finds that a stay is appropriate."); *cf. Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 638 (7th Cir. 2006) ("The norm (an old one of which *Griggs* is just a recent exemplar) that only one court at a time has authority in a case is designed to avoid wasteful duplication of effort and to avert the prospect that the appeal may make the district court's proceedings pointless, or

---

would be of reasonable length); *McDonald v. Novartis Pharms. Corp.*, No. 07-655, 2007 WL 4191750, at *3 (D.N.J. Nov. 20, 2007) (granting stay where briefing before the appellate court was concluded, so that stay would not be "open-ended or protracted").

the reverse.") (*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)).

In addition to the above cited decision of this Court and two other courts to stay current § 292 actions pending the outcome of the *Stauffer* appeal, district courts routinely stay actions pending issuance of an opinion that will bear on an issue before the court. *See, e.g., Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006) (granting stay pending a Supreme Court appeal, which is "entered quite routinely").

### 3. The Stay Will Substantially Reduce the Burdens of Litigation.

The burdens of litigation would be substantially reduced for both parties as well as the Court if a stay is imposed. This case is in its infancy – no answers have been filed and no discovery has been taken. Hence, no party will have wasted resources if a stay is entered. *See Abbott Labs.*, 2009 WL 3719214, at *4 (early stage of litigation favored stay). A stay will also prevent unnecessary court and party activity should Congress pass an amendment to §°292 in the pending Patent Reform Act of 2010. The proposed amendment would retroactively nullify all pending § 292 actions where the plaintiff has not suffered a competitive injury:

> (k) FALSE MARKING.—
>
> (1) IN GENERAL.—Subsection (b) of section 292 of title 35, United States Code, is amended to read as follows:
>
> "(b) <u>A person who has suffered a competitive injury</u> as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury."
>
> (2) EFFECTIVE DATE.—The amendment made by this subsection <u>shall apply to all cases, without exception, pending on or after the date of the enactment</u> of this Act.

Senate Bill 515, 111th Cong., 1st Sess. at 16 (emphasis added) (Exhibit D hereto).

If this bill is enacted during the pendency of this litigation, it will mandate dismissal of Newt's claims, and render all activity in this case a waste of the Court's and litigants' resources. *See, e.g.*, *MEI, Inc.*, at \*5. Staying this case pending the *Stauffer* appeal will of avoid unnecessary activity should the proposed amendments to § 292 be enacted in the near future.

Staying this case until the Federal Circuit's *Stauffer* decision will save the resources of both parties and the Court pending resolution of a central, threshold issue in this action: whether Newt has standing to assert, and the Court has subject matter jurisdiction over, the alleged claims.

### III. CONCLUSION

Should this Court decline to dismiss this case immediately for lack of standing and subject matter jurisdiction, Defendants respectfully request that the Court stay this case until the Federal Circuit issues its decision in *Stauffer v. Brooks Bros*.

Dated: April 23, 2010

Respectfully submitted,

    */s/ Jason A. Engel*
William M. Ragland, Jr. (wragland@wcsr.com)
Admitted p*ro hac vice*
Womble Carlyle Sandridge & Rice, PLLC
Atlantic Station
271 17th Street, NW, Suite 2400
Atlanta, GA  30363-1017
Telephone:  (404) 888-7466
Facsimile:  (404) 870-2401

Robert M. Barrett (robert.barrett@klgates.com)
Jason A. Engel (jason.engel@klgates.com)
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois  60602
Telephone:  (312) 372-1121
Facsimile:  (312) 827-8000

**ATTORNEYS FOR DEFENDANTS**