# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4792 | **DATE** | 3/28/2011 |
| **CASE TITLE** | NEWT LLC vs. NESTLE USA INC  et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction [34] is denied. Defendants' motion to dismiss [22] plaintiff's complaint pursuant to Rule 12(b)(6) and Rule 9(b) for failing to state a claim is granted. The first amended complaint is dismissed without prejudice.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Defendants Nestlé USA, Inc., et al., move to dismiss pursuant to Rule 12(b)(1) for lack of standing and Rule 12(b)(6) on the basis that plaintiff NEWT LLC fails to state a claim because the complaint does not allege with the requisite Rule 9(b) particularity false patent marking. For the reasons that follow, the motion is granted.

**Background**

NEWT brought the instant *qui tam* lawsuit as relator on behalf of the government under section 292 of the Patent Act, which provides a statutory penalty for false patent marking. See 35 U.S.C. § 292. The first amended complaint alleges that Graphic Packaging International Inc. ("GPI") is the owner of the patents in issue and the manufacturer of microwaveable sleeves and trays for heating and crisping food. NEWT alleges that GPI sold its sleeves and trays that were knowingly marked with expired patents to Nestlé USA, Inc., Safeway, Inc., H.J. Heinz Company, and the Schwan Food Company (collectively "customer defendants").

**Legal Standard**

Section 292 states in pertinent part, that "whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public… [s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a case on the basis of lack of subject matter jurisdiction. The question of standing to sue is a jurisdictional one. Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1551 (Fed. Cir. 1995). The requirements of standing are: (1) an injury in fact; (2) causation; and (3) redressibility. See, e.g., RK Co. v. See, 622 F. 3d 846, 851 (7th Cir. 2010).

In order to withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The

pleader must show that it is plausible, rather than merely speculative, that he is entitled to relief. INEOS Polymers, Inc. v. BASF Catalysts, 553 F. 3d 491, 497 (7th Cir. 2009). For fraud-based claims, such as false patent marking under section 292, the heightened pleading requirements of Rule 9(b) apply. In re BP Lubricants USA Inc., 2011 U.S. App. LEXIS 5015 (Fed. Cir. Mar. 15, 2011). Rule 9(b) requires that a plaintiff set forth with particularity the activities underlying the alleged fraud, including the dates, times, places, and the identity of those involved. See Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 509 (7th Cir. 2007). The allegations must state, essentially the first sentence of a newspaper story: "the who, what, when, where, and how" of the conduct alleged. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

When deciding a motion to dismiss the Court accepts well-pleaded allegations of the complaint as true, (Tamayo v. Blagojevich, 526 F. 3d 1074, 1081 (7th Cir. 2008)), and draws all reasonable inferences in favor of the nonmoving party. Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

As a preliminary matter, this Court lifts the stay imposed in this case pending a decision by the Federal Circuit Court of Appeals. The Federal Circuit issued its opinion in In re BP Lubricants USA Inc., Case No. 2010-M960, 2011 U.S. App. LEXIS 5015, on March 15, 2011.

*1. Standing: Rule 12(b)(1)*

Defendants move to dismiss the complaint for lack of subject matter jurisdiction asserting that NEWT lacks standing to sue because its only allegations of standing are based on "inherent injury to the United States' sovereignty."

The Federal Circuit Court of Appeals recently addressed the standing requirements for *qui tam* plaintiffs in false patent marking actions under section 292. Stauffer v. Brooks Brothers, Inc. et al., 619 F.3d. 1321 (Fed. Cir. 2010). In Stauffer, the court found it unnecessary to decide whether section 292 addresses a proprietary or a sovereign injury because either would confer standing on the government and therefore the relator. Stauffer, 619 F.3d. at 1327. That court reasoned that a *qui tam* plaintiff, such as a plaintiff in an action brought pursuant to section 292, "can establish standing based on the United States' implicit partial assignment of its damages claim to 'any person.'" Stauffer, 619 F.3d at 1325 (citing 35 U.S.C. § 292(b) and Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 773 (2000)). The court found that even though a relator may suffer no injury himself, a *qui tam* provision operates as a statutory assignment of the United States' rights. Stauffer, 619 F.3d. at 1325. "Thus, in order to have standing, [a relator] must allege that the United States has suffered an injury in fact causally connected to [the defendant's] conduct that is likely to be redressed by the court." Id. By enacting section 292, Congress defined an injury in fact to the United States. Id. The government always has standing to enforce its own laws and, thus, a relator, as the government's assignee, also has standing to enforce section 292. Id.

Here, NEWT has sufficiently alleged (1) an injury in fact to the United States that (2) is caused by defendants' alleged conduct, affixing the markings to its microwaveable food crisping sleeves, and (3) is likely to be redressed, with a statutory fine, by a favorable decision. See Stauffer, 619 F.3d. at 1328. This Court finds NEWT has standing to sue. Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(1) for lack of standing is denied.

*2. Pleading: Rule 12(b)(6)*

Defendants argue that this Court should dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim because NEWT (1) fails to allege that defendant GPI's customers marked, affixed, or used in advertising any expired patents; (2) fails to allege with particularity the requisite intent to deceive; and (3) fails to differentiate allegations against each defendant.

| STATEMENT |
|---|

Defendants argue that GPI is the owner of the patents in issue and the manufacturer of sleeves and trays for heating and crisping food items in a microwave oven. GPI sells the sleeves and trays to a variety of customers, including defendants Nestlé USA, Inc., Safeway, Inc., H.J. Heinz Company, and the Schwan Food Company, who incorporate the sleeves and trays into ther product packaging. Section 292 expressly limits liability under the statute to whoever "marks upon, or affixes to, or uses in advertising." 35 U.S.C. § 292. NEWT clearly fails to allege that defendants, Nestlé USA, Inc., Safeway, Inc., H.J. Heinz Company, and the Schwan Food Company, marked, affixed, or used in advertising an unpatented article with the word patent. Indeed, NEWT makes no allegation that these defendants did anything more than use GPI's microwaveable sleeves in their products. Accordingly, Nestlé USA, Inc., Safeway, Inc., H.J. Heinz Company, and the Schwan Food Company, are dismissed without prejudice.

Next, defendants argue that the complaint should be dismissed because NEWT makes only general allegations of the intent to deceive required for false patent marking. The recently decided case, In re BP Lubricants is the Federal Circuit's first consideration of the pleading requirements for false patent marking claims under section 292. In that case, the court held that "Rule 9(b)'s particularity requirement applies to false marking claims and that a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." In re BP Lubricants, 2011 U.S. App. LEXIS 5015, at *2. The complaint at issue here contains similarly generalized allegations of intent that the Federal Circuit rejected in BP Lubricants. The complaint alleges "on information and belief" that GPI and each of its co-defendant customers "are fraudulently marking the SLEEVES [or TRAYS]… with the intent and purpose of deceiving the public and competitors…". (See First Amend. Compl., Dkt. # 9, ¶ 33, 35, 42, 49, 56) The complaint also alleges that the sleeves or trays are "deliberately marked… with the knowledge that the patents have expired." (See First Amend. Compl., Dkt. # 9, ¶ 34, 41, 48, 55) Accordingly, NEWT has failed to sufficiently plead the requisite intent for false marking and the complaint is dismissed without prejudice.

Lastly, defendants argue that NEWT's complaint fails to distinguish between the acts, omissions, and intent of GPI and its customers and should be dismissed on that basis as well. Indeed, "in a case involving multiple defendants, such as the one before us, 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" Vicom, Inc. v. Harbridge Merchant Servs., 20 F.3d 771, 778 (7th Cir. 1994) (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1241, 1247 (2d Cir. 1987). NEWT asserts that it adequately differentiated between each defendant because it divided the complaint into separate counts that address what each customer defendant did in conjunction with GPI. This argument is unavailing however, because the complaint still fails to distinguish between GPI's conduct and each of the customer defendants. Therefore, the complaint is dismissed without prejudice on this basis.

**Conclusion**

Defendants' Motion to dismiss under Rule 12(b)(1) for lack of standing [34] is denied. Defendants' motion to dismiss [22] plaintiff's complaint pursuant to Rule 12(b)(6) and Rule 9(b) for failing to state a claim is granted. The first amended complaint is dismissed without prejudice.